Owen McGtveen, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act wherein the petitioner, a policeman, seeks an order directing the respondents to correct the rating of petitioner’s answer to a question on a promotional examination from the rank of Sergeant to Lieutenant, Police Department, New York City.
Examinations for promotion to Housing Officer Lieutenant, and Lieutenant, Police Department, and Transit Lieutenant were held by the respondents. These examinations contained multiple choice questions, the first 56 of which were identical, as were the answers, with the exception of question 5 on the Housing Officer Lieutenant examination. As to this question, full credit was allowed for either “ (C) ” or “ (D) ”. The question at issue is as follows: “A patrolman informs the desk officer that he believes that a certain sergeant, whom he mentions by name, is too strict in supervising all the patrolmen, especially when compared with the supervision carried out by other sergeants in the same command. Of the following, the best advice the desk officer can offer this patrolman is to
“ (A) suggest that this is a matter that requires a meeting with the captain.
“ (B) remind the patrolman that the sergeant himself is often subject to severe supervision.
“(C) tell the patrolman that acceptance of supervision is a part of his job.
“ (D) tell the patrolman that he will conduct his own study of the situation.”
As the acceptable answer on the examination for Lieutenant, Police Department, only “ (D) ” was rated correct. The peti *708 tioner had chosen “ (0) However, on the Housing Officer examination, both “ (0) ” and “ (D) ” were accepted as correct.'
It is admitted by the respondents that if this question was correctly answered, petitioner would have passed the examination.
Respondents’ answer sets up a defense that the petitioner did not timely and in the manner requested by the respondents, protest this answer when the tentative key answers were published. A dismissal of the petition is also requested on the ground that the answer to the examination question can only be “(D)” with regard to the Police Department.
There is no merit to respondents’ defense based upon the alleged failure to take advantage of or exhaust an administrative remedy (cf. Matter of O’Neill v. Schechter, 5 N Y 2d 548, 554; Civ. Prac. Act, § 1286; Matter of Lennox v. McNamara, 16 Misc 2d 9, affd. 275 App. Div. 1023). The key answers were published on May 18, 1960; hence this proceeding was begun within the required statutory time.
There remains the question as to whether respondents’ decision to recognize as the only acceptable answer on the police examination a choice of “ (D) ” was arbitrary and capricious. Respondents assert that the reason a choice of “ (D) ” was determined to be the only correct answer is that a “ desk officer ” in the Police Department is always one of superior rank, normally a lieutenant, unlike the housing officer force, where it is always of the rank and grade of patrolman. However, choice “ (D) ” was ultimately also accepted as a correct answer with respect to candidates for promotion in the Housing Authority, because it became clear, after the publication of tentative answers that the question was susceptible of two interpretations, and that some of the candidates for Housing Officer Lieutenant might reasonably have assumed that the words “ desk officer ” were used in the sense generally used in police operations where the desk officer would normally be a lieutenant. That there is a basis for this alternative interpretation, justifying the acceptance of either choice “ (0) ” or “ (D) ” as a correct answer in the Housing Authority examination, is reflected in an affidavit of petitioner wherein it appears that there is in fact, technically, no rank or grade of “ patrolman ” in the Housing Authority but an equivalent rank called “ Housing Officer ”.
Petitioner endeavors to destroy the validity of the distinction offered by respondents as a basis for its refusal to accept any answer but “ (D) ” as correct on the Police Department examination. He asserts that under the Rules and Procedures of the Police Department (ch. 3, “ Patrol ”, subheading “ desk officer ”, *709 par. 14-2) it is provided that “ When a desk officer leaves his post he shall place a competent member of the force in charge ”, and that such may include a patrolman. This court finds no merit to this argument, because the question before the court is obviously referable to the responsible officer normally holding the position of “ desk officer ” and not one who may be temporarily “ holding the fort ”.
The acceptance of alternative answers in the case of the Housing Authority examination and the limitation to one choice in the case of the Police Department examination is not evidence of unequal treatment of employees of different agencies but rather, in the circumstances here prevailing, evidence of not unreasonable consideration by respondents, which refutes petitioner’s charge their decision and conduct were arbitrary and capricious. WThere there is a rational basis for distinction in the treatment of answers, predicated upon the experience of the examining authorities, it is not within the province of a court to substitute its opinion, or that of petitioner, for that of the respondents, who are vested with the responsibility of determining both the clarity of the questions and the acceptability of the answers in response to them. The petition is dismissed.